UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KURT J. ZEMBA | : | CASE NO. _____ |
| *Plaintiff* | : | |
| v. | : | |
| EQUIFAX, INC. | : | |
| *Defendant.* | : | June 7, 2016 |

## COMPLAINT

Plaintiff Kurt J. Zemba, by and through his undersigned attorney, hereby files this Complaint against Defendant Equifax, Inc., and in support thereof alleges and states as follows:

## INTRODUCTION

This is an action for damages, costs, attorney's fees, and injunctive relief arising out of Equifax's engagement in practices violative of 15 U.S.C. § 1681, *et seq.*, the federal Fair Credit Reporting Act (FCRA), in its dealings with Mr. Zemba.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 12 U.S.C. § 1332(a)(1), 15 U.S.C. § 1681(p), and 28 U.S.C. § 1337(a).

2. Venue in this District is proper as Mr. Zemba is an individual residing in Old Lyme, Connecticut, Equifax transacts business within the State of Connecticut, and the conduct complained of occurred in this District.

## PARTIES

3. Mr. Zemba is a "person" for purposes of FCRA, residing in Old Lyme, Connecticut.

4. Equifax, Inc. is a Georgia corporation in the business of consumer credit reporting. It sells credit information and other services to consumers and businesses across the country. Equifax is registered to do business in Connecticut, and is a furnisher for purposes of FCRA, with its business address at 1550 Peachtree St. NW, Atlanta, Georgia 30302. Its dealings with Mr. Zemba were conducted through Equifax Information Systems, LLC, a wholly-owned subsidiary with a mailing address at P.O. Box 740256, Atlanta, Georgia 30374-0256. (the two Equifax entities collectively, "Equifax").

## FACTUAL ALLEGATIONS

5. Several years ago, Mr. Zemba requested that Equifax place a fraud alert on his file.

6. Mr. Zemba sent letters to Equifax on three occasions, with considerable and appropriate proof of identity, requesting removal of any fraud alerts from his file. The letters Mr. Zemba sent to Equifax were dated October 8, 2015, November 19, 2015, and April 6, 2016. True and correct copies of the letters and the proof of identity he enclosed are attached hereto as Exhibits A, B, and C (proof of identity has been redacted for the sake of court-filed documents).

7. On December 28, 2015, Mr. Zemba's attorney sent a letter to Equifax requesting that it remove any credit identity locks or similar barriers from his account. A true and correct copy of that letter is attached hereto as Exhibit D.

8. Equifax failed to remove the fraud alert. Instead, each time it would respond via letter acknowledging receipt of his request but refuse to take action based on the bogus claim that the identification information Mr. Zemba provided did not match Equifax's records. A true and correct copy of a sample of such a letter, from April 17, 2016, is attached hereto as Exhibit E.

9. On May 9, 2016, Mr. Zemba applied for a credit card with Capital One. On May 12, 2016, Capital One informed Mr. Zemba that it could not verify his identity via Equifax.

10. The two other major consumer credit reporting agencies, Experian and Trans Union, have removed their fraud alerts from Mr. Zemba's file.

11. As a result of the actions and inactions of Equifax, Mr. Zemba has been forced to expend time and energy in unsuccessful attempts to have the fraud alert removed from his file and engaging in numerous stressful interactions with Equifax.

12. Mr. Zemba has suffered emotional distress as a result of Equifax's errors from the aggravation of dealing with Equifax, and the refusal of Equifax to comply with his requests for the fraud alert to be removed from his file.

13. Furthermore, if the fraud alert is not removed from Mr. Zemba's file, Mr. Zemba will likely suffer significant adverse financial impacts. As chairman of an insurance brokerage business Mr. Zemba owns and operates, he uses his name and credit to secure business from a variety of insurers. As a result of Equifax's failure to remove the fraud alert from Mr. Zemba's file, insurers could (a) refuse to direct new business to his company or (b) require that he instead appoint a subordinate to be the lead contact on their accounts with his agency, a process that often takes months.

## CLAIMS

### Count I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

14. Mr. Zemba incorporates by reference the allegations in Paragraphs 1-13 as if fully set forth herein.

15. Equifax violated 15 U.S.C. § 1681c-1(a)(1)(A) by failing to remove the fraud alert from Mr. Zemba's file.

16. As a result of Equifax's violation of 15 U.S.C. § 1681c-1(a)(1)(A), Mr. Zemba has suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

17. Mr. Zemba is entitled to recover actual damages, costs, attorney's fees, and injunctive relief from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n, 1681o, and 1681u.

## RELIEF

Mr. Zemba respectfully requests judgment be entered against Equifax for the following:

(1) Actual and consequential damages;

(2) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

(3) An injunction requiring Equifax to remove the fraud alert from Mr. Zemba's file pursuant to 15 U.S.C. § 1681u; and

(4) For such other and further relief as the Court deems just and proper.

> THE PLAINTIFF,
> KURT J. ZEMBA
>
> By Counsel: /s/ Jeffrey Gentes
> Jeffrey Gentes (ct28561)
> Connecticut Fair Housing Center
> 221 Main Street, 4th Floor
> Hartford, CT  06106
> (860) 263-0741
> (860) 247-4236 fax
> jgentes@ctfairhousing.org